UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NELSON J. REYES, | : |
| Plaintiff, | : REPORT AND |
|  | : RECOMMENDATION |
| - against - | : |
|  | : 07 Civ. 10560 (GBD) (RLE) |
| MICHAEL J. ASTRUE, | : |
| COMMISSIONER OF SOCIAL SECURITY | : |
|  | : |
| Defendant. | : |

**To the HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

### I. INTRODUCTION

*Pro se* plaintiff, Nelson J. Reyes, seeks judicial review of a Commissioner of Social Security's finding that he was not entitled to supplemental security income. The Commissioner filed a motion to dismiss the complaint on the ground that its filing was untimely. Reyes did not file a response. For the following reasons, the Commissioner's motion is **GRANTED**.

### II. BACKGROUND

On October 27, 2006, an administrative law judge determined that Reyes was neither disabled nor entitled to supplemental security income because he had the "residual functional capacity to do his past relevant work" and that there was a significant number of existing jobs in the economy that he could perform. (Declaration of Patrick J. Herbst ("Herbst Decl."), Ex. 1 at 4-8.) On June 25, 2007, the Appeals Council declined to review the decision, sending a letter informing Reyes of his right to appeal the decision by filing a civil action within sixty days of receipt. (Herbst Decl., Ex. 2 at 2.) The letter also indicated that receipt would be presumed to be within five days of its issuance. (*Id.*)

Reyes had until August 29, 2007, to file this action, sixty-five days after the date on the Appeals Councils' letter. Reyes filed this *pro se* action on October 29, 2007, without requesting an extension. On February 29, 2008, the Commissioner filed a motion to dismiss Reyes's complaint. (Def's. Mem.) On April 28, 2008, and May 14, 2008, this Court ordered Reyes to respond to the Commissioner's motion to dismiss by May 15, 2008, and June 16, 2008, respectively. On May 12, 2008, Reyes contacted chambers to explain that he intended to respond to the Commissioner's motion, but there is no record of him ever having filed a response.

### III. DISCUSSION

A.   **Statute of Limitations**

Judicial review of Social Security claim decisions is pursuant to Section 205(g) of the Social Security Act, which states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "[T]he institution of suit within 60 days from a 'final decision' is the only manner in which the United States, as sovereign, has consented to be sued in relation to the subject matter of this action. . ." *Kornfield v. Dep't of Health, Educ. and Welfare*, 307 F. Supp. 839, 841 (S.D.N.Y. 1969) (*citing United States v. Sherwood*, 312 U.S. 584 (1941)). The sixty-day limit must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Reyes filed his *pro se* civil action on October 29, 2007, two months after the limitations expired; therefore, the action is time-barred, unless the limitation period is equitably tolled.

Equitable tolling is applicable to the sixty-day statute of limitations, *id. at* 480, and may

be appropriate in regards to Section 405(g), *New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990). Tolling requires that a plaintiff demonstrate "both extraordinary circumstances and due diligence," *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005), and is justified where the government has hindered a plaintiff from pursuing his rights. *Bowen,* 476 U.S. at 481. Reyes has neither demonstrated extraordinary circumstances nor due diligence. He stated that he filed late because he lost his paperwork for a month and then found it around September 14, 2007. (Compl. at 2.) However, he never requested an extension, and the misplacement of paperwork does not rise to the level necessary to demonstrate extraordinary circumstances. *See Bowen,* 476 at 480 n.12 (providing for extensions for untimely filings resulting from illness, accident, destruction of records, or mistake). Therefore, Reyes's motion is **DENIED** as time-barred.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Defendant's motion to dismiss Reyes's complaint be **GRANTED.**

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 630, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 150 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15, 16 (2d Cir.

1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: August 4, 2008**
**New York, New York**

Respectfully Submitted,

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Nelson J. Reyes
1860 Morris Avenue
Bronx, NY 10453


John E. Gura, Jr.
United States Attorney's Office
86 Chambers Street
New York, NY 10007